Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd. Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRITTNEY SIAS, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO.:    2:20-cv-10620 |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT FOR DAMAGES |
| MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC. and DOES 1 through 10 inclusive, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her class action

complaint against the Defendants MIDLAND CREDIT MANAGEMENT, INC. and ENCORE

CAPITAL GROUP, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a

   class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

   1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

   California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors

   from engaging in abusive, deceptive and unfair practices.  Plaintiff also claims violations

1   under California Business and Professions Code §17200, et seq., which prohibits unfair

2   competition, including any unlawful, unfair or fraudulent business act, and intrusion

3   upon seclusion.

4

5                                    **PARTIES**

6   2.   Plaintiff Brittney Sias is a "consumer" and a natural person residing in Los Angeles

7        County, California.

8   3.   Upon information and belief, the Defendant Midland Credit Management, Inc. is a "debt

9        collector" as defined pursuant to 15 U.S.C. § 1692 a(6) and Cal. Civil Code §1788.2 and

10       a "creditor"  as defined pursuant to Cal. Civil Code §1788.2, with its principal place of

11       business in San Diego, CA.

12  4.   Upon information and belief, Defendant Encore Capital Group, Inc. is a "debt collector"

13       as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located

14       in San Diego, CA.

15

16                                 **JURISDICTION**

17  5.   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331

18       and the Court's supplemental jurisdiction, 28 U.S.C. §1367.  Venue is proper in this

19       district pursuant to 28 U.S.C. § 1391(c), as the Defendants regularly conduct business in

20       this district.

21

22                            **FACTUAL ALLEGATIONS**

23  6.   The Plaintiff repeats and realleges each and every allegation set forth above as if

24       reasserted and realleged herein.

25  7.   That a personal debt was allegedly incurred by Plaintiff to one Capital One, N.A.

26  8.   That at a time unknown to Plaintiff herein, Defendant Midland Credit Management, Inc.

27       (hereinafter referred to as "Defendant MCM") obtained and/or purchased Plaintiff's

28       alleged account and began its collection efforts on the account.

Class Action Complaint for Damages

9. That at all times relevant herein, Defendant MCM acted as an agent and under the direction of Defendant Encore Capital Group, Inc., which is its parent company.

*Count One*

10. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

11. That the Defendants, in an attempt to collect on the aforementioned debt, sent Plaintiff a dunning letter dated January 2, 2020 (hereinafter referred to as the "1/2/2020 dunning letter").

12. That at the top of the 1/2/2020 dunning letter was the following heading: "PRE-LEGAL NOTIFICATION."

13. That the 1/2/2020 dunning letter also contained the following language, in pertinent part: "This letter is to inform you that MCM is considering forwarding this account to an attorney in your state for possible litigation…If we don't hear from you or receive payment, MCM may proceed with forwarding this account to an attorney."

14. That less than 30 days later, Defendants mailed Plaintiff yet another dunning notice, dated January 28, 2020, (hereinafter referred to as the "1/28/2020 dunning letter") in their attempts to collect on the aforementioned debt.

15. That the 1/28/2020 dunning letter had the same heading as the Defendants' previous dunning letter: "PRE-LEGAL NOTIFICATION."

16. That the 1/28/2020 dunning letter contained the following language, in pertinent part: "MCM is now considering forwarding your account to an attorney in your state for possible litigation."

17. That the following paragraph, which was indented, marked and in a larger font, read as follows, in pertinent part: "If we don't hear from you or receive payment by **2/27/2020**, we may proceed with forwarding this account to an attorney." (emphasis in the original)

18. That the Defendants mailed Plaintiff another dunning letter dated April 8, 2020 in an attempt to collect on the aforementioned account (hereinafter referred to as the "4/8/2020 dunning letter").

19. That at the top of the 4/8/2020 dunning letter, the following language was in all-caps and in a large, darkened box: "ATTORNEY REVIEW PLANNED."

20. That according to the Defendants, the 4/8/2020 dunning letter was Plaintiff's: "FINAL NOTICE."

21. That the 4/8/2020 dunning letter also contained the following warning: "**FAILURE TO REPLY WILL RESULT IN ATTORNEY REVIEW.**" (emphasis in the original)

22. That the 4/8/2020 dunning letter stated the following language, in pertinent part: "This is a demand for full payment of $5,474.86.  Please login to your account at MidlandCredit.com and pay, or call our Pre-Legal department at 877-735-3150 by 5/8/2020 to resolve this account.  If you do not reply, we plan on sending your account to an attorney in the state of CA."

23. That the 4/8/2020 dunning letter contained the following language, in pertinent part: "**What will an attorney do?**  We intend to have a lawsuit filed against you.  Before a lawsuit can be filed, an attorney must review your account.  If the attorney determines there is cause for a suit, they will: Commence a lawsuit in a local court…Serve a copy of the lawsuit personally on you, which could be done by a process server, a sheriff, or other means…Seek to obtain a judgment…" (emphasis in the original)

24. That just below that text, Defendants write the following language, in pertinent part: **"How could a judgment impact you?**  If we receive a judgment, you may be responsible for court costs and post-judgment interest charges.  In addition, we may choose to attempt the following post-judgment remedies:  Obtain a lien against your property…Garnish your wages or bank account(s)…Obtain information about your assets, which could be done by a notice request, deposition, or a subpoena to appear in court…" (emphasis in the original)

Class Action Complaint for Damages

25. That the bottom of the 4/8/2020 dunning letter contained the following warning: "PS. Your prompt attention is necessary to avoid the possibility of attorney review."

26. That the Defendants mailed Plaintiff another dunning letter dated May 7, 2020 in an attempt to collect on the aforementioned debt (hereinafter referred to as the "5/7/2020 dunning letter").

27. That according to the Defendants, the 5/7/2020 dunning letter was both a "FINAL NOTICE EXTENSION" and a "PRE-LEGAL NOTICE."

28. That the 5/7/2020 dunning letter contained the following language in a darkened text box: "Your Options to Stop this Pre-Legal Review."

29. That the 5/7/2020 dunning letter states the following language, in pertinent part: "We know that times are tough.  That's why we are offering you **additional flexibility** – and more time – to avoid the planned **attorney review**…" (emphasis in the original)

30. That upon information and belief, the conduct of all Defendants to collect on the alleged account confused and deceived Plaintiff as to the status of her account.

31. That the communications from the Defendants were deceptive and confusing, in so far as they repeatedly threatened the Plaintiff with imminent legal action, when Defendants, upon information and belief, did not intend to pursue such measures.

32. That the communications from Defendants were false and misleading, including, but not limited to the dunning letters advising Plaintiff of her "FINAL NOTICE" and "FINAL NOTICE EXTENSION" insofar as the Defendants use form letters to create a false sense of urgency and threaten the least sophisticated consumer, like the Plaintiff, with imminent legal action, when in fact, Defendants were prepared to extend the time to the consumer debtor anyway.

33. That the Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

34. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, sleepless nights and monetary losses.

*Count Two*

35. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. That the Defendants' agent(s) unlawfully communicated with one "Clement," a third party, in an attempt to collect on the aforementioned debt allegedly owned by the Plaintiff.

37. That the Defendants' agent(s) called the third party and disclosed how much the Plaintiff allegedly owed.

38. That the Defendant's agent(s) grew increasingly aggressive and incessantly called said third party on a daily basis.

39. That the Defendants' engaged in highly abusive and harassing conduct in an attempt to collect a debt from the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

40. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. That Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

42. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair.

    i. Defendants violated 15 U.S.C. §1692b because: 1) the Defendants communicated with a third party for a purpose other than to acquire location information and 2) the Defendants' agent(s) did not state that they were confirming or correcting location information;

    ii. Defendants violated 15 U.S.C. § 1692c because the Defendants communicated with a third party in an attempt to collect a debt;

6

Class Action Complaint for Damages

iii.   Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

iv.   Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;

v.   Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

vi.   Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting and mischaracterizing Plaintiff's rights, by mischaracterizing the status of the account and by failing to clearly indicate the amount allegedly owed.

43. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, threatening, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

44. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

45. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

46. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

Class Action Complaint for Damages

47. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

      i.  Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

      ii.  Defendants have violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

      iii.  By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

48. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

49. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

50. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.


**AS AND FOR A THIRD CAUSE OF ACTION**

51. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

53. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

54. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

55. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

56. That the Defendants have been unjustly enriched by committing said acts.

57. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

58. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

59. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

**AS AND FOR A FOURTH CAUSE OF ACTION**

60. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

61. That Plaintiff had a reasonable expectation of privacy.

62. That Defendants intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff, continuing unlawful collection efforts against Plaintiff, and by disclosing sensitive and private information to a third party.

63. That Defendants' intrusion would be highly offensive to a reasonable person.

64. That Plaintiff was harmed by Defendants' conduct.

65. That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

66. That Defendants intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's rights to privacy.

Class Action Complaint for Damages

67. That Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

68. That the actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices.

69. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

## CLASS ALLEGATIONS

70. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

71. The first cause of action is brought on behalf of Plaintiff and the members of a class.

72. That the class consists of all persons whom Defendants' records reflect (a) resided in the state of California, (b) received collection notices bearing the Defendants' letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (c) the correspondence was sent to consumers seeking payment of a consumer debt; and (d) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

73. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> (A) Based on the facts that the collection activity, including Defendants' form letters, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

> (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendants.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

74. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

75. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

76. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   i.   Defendants have violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

ii.  Defendants have violated 1692e by using false representations, employing deceptive and misleading means and taking legal actions that could not be legally taken, in an attempt to collect a debt;

iii.  Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

iv.  Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status and amounts of alleged accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a)  An order certifying the class defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

(b)  Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c)  Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., California Business and Professions Code §§17200, et seq and Cal. Civ. Code §3294;

(d)  Special, general, and compensatory damages and punitive damages;

(e)  Equitable and injunctive relief;

(f)  Restitution;

(g)  Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq*., common law and/or the Court's inherent power; and

(h)  For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Class Action Complaint for Damages

1

2          Plaintiff requests trial by jury on all issues so triable.

3

4

5   Dated: November 20, 2020                    Respectfully Submitted,

6                                                /S/ Amir J. Goldstein, Esq._____
                                                Amir J. Goldstein, Esq.
7                                               **Attorney for Plaintiff**
                                                The Law Offices of Amir J. Goldstein, Esq.
8                                               7304 Beverly Blvd, Suite 212
                                                Los Angeles, CA 90036
9                                               Tel 323.937.0400
10                                              Fax 866.288.9194

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint for Damages